# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CIVICA SIMPSON et al, Plaintiff, )
vs. )
CHIEF JUSTICE AND EX-OFFICIO ) CASE NUMBER:
CLERK OF THE CIRCUIT COURT ) 6:24-CV-01367-
OF THE EIGHTEENTH JUDICIAL ) CEM-EJK
CIRCUIT IN AND FOR SEMINOLE )
COUNTY, FLORIDA, FAMILY DIVISION et al, )
CIVIL OFFICERS OF THE UNITED STATES, )
Does I-D [500], Defendants. )
)

## 42 USCA 1986 CLAIM FOR VIOLATION OF CONSTITUTIONAL PROTECTIONS

Comes now Civica Simpson (Civica), (Plaintiff). After reading the DEFENDANT, GRANT MALOY'S, OPPOSED MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT Plaintiff noticed several issues which needed clarification. Plaintiff withdraws her Title 42 Section 1983 Amended Complaint. After review of Mr. Maloy's paperwork it became clear this was not merely a Civil Rights violation but also a violation of rights under color of law due to customs promulgated by Civil Officers and for failure to properly train.

Previous to July of 2024 many state officers were acting under administrative procedures, which were and are in direct violation of state and federal constitutions. As will be outlined here further, congress usurped power it did not possess and in the 1980's added a new class of courthouse. This must be undone due to the unconstitutional nature of those proceedings. This Monell Claim under the Laws of the United States, specifically but not limited to Title 42 United States Code Annotated et al (USCA) Section 1983

and Section 1986 and the Constitution for the United States of America et al, (U.S. Constitution) and the Florida Constitution et al, (Fla. Constitution) and the Uniform Commercial Code et al, (UCC) as well as State Supreme Court et al, and Federal Court et al, and Federal Appellate Court et al, and United States Supreme Court et al, decisions and opinions of said Court and the Florida Rules of Civil Procedure et al, (FL.RCP) and Federal Rules of Civil Procedure et al, (FRCP) will attempt to do exactly that, end administrative and mediation courts.

This is a tort due to the abuse of power and the transgression of rights under color of law (42 USCA 1983) and for failure to properly train and for promulgating customs (policies and procedures), which are administrative in nature and not judicial and not constitutional (42 USCA 1986).

I have followed the general template of the United States District Courts. Plaintiff, hereby also submit this Notice of Non-Compliance in accordance with the FRCP and local court rules, due to the unlawful nature of the previous court proceedings and the civil officers involved. I invoke the common law and expressly reserve my Prerogative Rights, Unalienable Rights and Natural Rights (Rights) under the UCC, the U.S. Constitution and Natural Laws, to refuse to subscribe to any Civil Officers of the United States (Civil Officers) acting as public officials or legal authorities, who are acting without lawful authority, as such could violate the foundational principles of the U.S. Constitution. I have a right to defend life and liberty and property and to be free from unlawful authority. The moment a Civil Officer violates his oath of office or their employment contract, they no longer represent the government in accordance with *Brookfield Const. Co. v. Stewart, 339 F.2d 753, 119 U.S.App.D.C. 254 (1964)* (End of Notice).

My refusal to recognize the alleged authority of de facto public officials who have failed to meet their constitutional and statutory requirements for holding office is a direct exercise of my rights. Furthermore, no people and no person shall be compelled to subscribe to or recognize any entity (person) that is in violation of constitutional law (restrictions).

Article IV, (4 FOUR) Section 4 (IV, FOUR) of the U.S. Constitution guarantees that all states maintain a republican form of government, wherein public officials derive their authority from lawful constitutional offices. The officials in question, having failed to meet

these requirements are not legitimately holding their offices and therefore cannot exercise any authority over me or any other individual.

I respectfully invoke my rights to refuse to comply with or recognize any public official or Court that operates without lawful constitutional authority. I will not submit to any process or directive that compels me to waive these rights or compromise my religious and constitutional duties.

I decree under God and under the laws of the United States of America (Republic) that these assertions are true and correct bearing no false witness, this is my testimony under God. With all due respect, until such time as the Court operates within the restrictions of the U.S. Constitution and the Judiciary Act of 1789, a properly ratified Act of Congress, which conferred governmental power of Law upon the Court, defining the powers and jurisdiction of the Court.

The attached documents, 'orders' (See Appendix 2) signed "in pais" also known as (a.k.a.) "in vacay" a.k.a. Corum Non-Judice, is of a judge and not of a Court. Per the Judiciary Act of 1789, there is no remedy at law for redress of this ongoing Due Process violation from a higher State Court.

The U.S. Constitution, and therefore the Florida Constitution, conferred power to the Appellate Courts to review and reverse entries of a court, not of a judge. The U.S. District Courts have failed to handle and correct the mistake behind the administrative power, which was illegally and unlawfully and unconstitutionally usurped by the congress and judiciary (*see LOPER BRIGHT ENTERPRISES, et al., Petitioners v. Gina RAIMONDO, Secretary of Commerce, et al. Relentless, Inc., et al., Petitioners v. Department of Commerce, et al. 22-451, 22-1219. (28 June 2024).

Federal (and therefore state) judicial agencies (administrative courts) have no power to act unless authorized by congress. Because the congress has only legislative powers, it cannot delegate powers it does not have and therefore cannot delegate judicial power.

Therefore, in accordance with the U.S. Constitution Article (Art). III (3, THREE) vesting of the judicial power is exclusive and mandatory, wherein it decrees in Section 1; "The judicial power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish. The judges, both of the supreme and inferior courts, shall hold their offices during good behavior, and shall, at stated times,

receive for their services, a compensation, which shall not be diminished during their continuance in office."

By accepting paychecks from the state, each of the Defendants, individually and collectively, committed an emoluments violation (Article 1 Section 6 U.S. Const.), they got paid to be Civil Officers of the United States when in truth they are merely administrators acting as law enforcement and/ or judges and or lawyers of the same.

By stating that the judicial powers shall be vested, Article III made clear that the location of that judicial power was mandatory. (Shall is also similarly defined in Black's Law Dictionary 2nd Edition) and this definition (shall) was decided as meaning mandatory in Forrest v. Spizzirri, 62 F.4th 1201, 23 Cal. Daily Op. Serv. 2445, 2023 Daily Journal D.A.R. 2203 (2023). United States Court of Appeals, Ninth Circuit.

Article III authorizes congress to locate judicial power only in inferior courts, not administrative agencies and most importantly, congress did not place the power to the judge or magistrate. Therefore, by setting up administrative tribunals (agencies), congress has unconstitutionally divested the courts of their judicial power. Apart from the structural (State and U.S.) constitutional violations, administrative adjudication violates the U.S. Constitution Fifth (5th) Amendment and the Sixth (6th) Amendment and the Seventh (7th) Amendment.

Administrative agencies are not allowed to neglect and set aside the superior FRCP. Administrative agencies are not allowed to neglect and set aside the federally superior Federal Rules of Evidence (FRE), substituting their own rules and codes and statutes and the like, or making things up as they go (discretionary to the judge/ magistrate), all of the above is done without legal and lawful authority and is no longer authorized because Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc. No. 82-1005 (467 U.S. at 843) is held to be overruled. LOPER *supra*.

This cross contamination of powers weakens the constitutional protection of separation of powers when they are combined in a single agency. Plaintiff had been denied due process of law, had not been informed of the nature and cause of the proceedings (administrative hearing as opposed to a court of common law).

Then the administrative agency controls the "court" record on appeal. Even when a case reaches an Article III tribunal court for

review, there has never been a jury and the facts; record amassed previously gets deferred to by the judge. The Seventh (7th) Amendment guarantees right to trial by jury in suits at common law and thereby applies to all civil actions other than in Admiralty and Equity, including actions brought to enforce statutory rights that are corresponding to common law causes of action. So agencies routinely violate the peoples Seventh (7th) Amendment protection by conducting enforcement proceedings without a jury.

For all these reasons, administrative adjudication is an abomination and a nullity and void of office and an Act of War against the U.S. Constitution. ALJ's are not members of the judiciary as mandated under Article III. Any and all judges and magistrates and commissioners and Ex-Officio Clerks and Clerks of the Court and the like are knowingly, with forethought and knowledge, in violation of the superior authority of the U.S. Constitution and must be impeached and sanctioned for crimes against the people.

If you do not comprehend the depth and breadth and reach of this legal and lawful document, in law and in equity, under the U.S. Constitution and the Law of the United States (28 USCA 3002) and the State and International Uniform Commercial Code and the Uniform Code of Military Justice, perhaps you should seek a superior officer or recuse yourself from these proceedings and surrender by ordering the remedy requested towards the end of this document, (V REMEDY SOUGHT), such is my wish.

***** END OF PAGE *****

# The Parties to This Claim:

Plaintiff:
Civica Simpson
520 Lynchfield Avenue
Altamonte Springs Florida 32714
(407) 230-4412
suzyaaliyah@aol.com

Defendants:
CHIEF JUSTICE AND EX-OFFICIO CLERK OF THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA FAMILY DIVISION et al,
CIVIL OFFICERS OF THE UNITED STATES,
Does I-D [500]

DOE 1:
OFFICE OF THE SHERIFF et al,
SHERIFF DENNIS M. LEMMA et al,
100 ESLINGER WAY.
SANFORD, FLORIDA 32773
(407)-665-6650.
SEMINOLE COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 2:
JUDGE MELANIE FREEMAN CHASE et al,
a.k.a. Civil Officer, a.k.a. Judge
101 Eslinger Way
SANFORD, FLORIDA 32773-6707
Office: 407-665-4993
SEMINOLE COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 3:
JUDGE MELISSA D. SOUTO et al,
a.k.a. Civil Officer, a.k.a. Judge
101 ESLINGER WAY
SANDFORD, FLORIDA 32773
(407) 665-4300
SEMINOLE COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 4:

JUDGE JOHN GALLUZZO et al,
a.k.a. Civil Officer, a.k.a. Judge
190 ESLINGER WAY
SANDFORD, FLORIDA 32773
(407) 665-5350
SEMINOLE COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 5:
JUDGE CHRISTOPHER SPRYSENSKI et al,
a.k.a. Civil Officer, a.k.a. Judge
301 North Park Avenue
SANFORD, FLORIDA 32771-1243
AND/OR
101 ESLINGER WAY
SANDFORD, FLORIDA 32773
(407) 665-4245
SEMINOLE COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 6:
GRAINNE O'SULLIVAN et al, DIRECTOR OF CHILDREN'S LEGAL SERVICES et al ATTORNEY FOR THE STATE OF FLORIDA et al DEPT. OF CHILDREN AND FAMILIES et al
110 SE 6th Street, Floor 12,
Fort Lauderdale, FLORIDA 33301-5000
Office: 954-308-2900
AND/OR
North Tower 1007
401 NW 2nd Ave
Miami, FLORIDA 33128-1740
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 7:
FORMER CPS SR. ATTORNEY FOR FLORIDA STATE
DEPARTMENT OF CHILDREN AND FAMILIES
CHILDREN'S LEGAL SERVICE
RENETA N. WILLIAMS et al,
a.k.a. Civil Officer, a.k.a. Attorney a.k.a. Lawyer
2825 Judge Fran Jamieson Way
Viera, FLORIDA 32940-8006
Office: 321-978-3921
2921 SOUTH ORLANDO DRIVE SUITE #150
SANDFORD, FLORIDA 32773
(407) 221-2309
SEMINOLE COUNTY

[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 8:
GUARDIAN AD LITEM
STEPHANIE CIRCOSTA et al,
a.k.a. Civil Officer, a.k.a. Attorney a.k.a. Lawyer
190 ESLINGER WAY
SANDFORD, FLORIDA 32773
(407) 665-5370
SEMINOLE COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 9:
GUARDIAN AD LITEM (associate thereof).
DOREEN SINGH et al,
a.k.a. Civil Officer, a.k.a. Attorney a.k.a. Lawyer, a.k.a. worker
190 ESLINGER WAY
SANDFORD, FLORIDA 32773
(407) 665-5370
SEMINOLE COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY
DOE 10:
EMBRACE FAMILIES et al.
CHIEF EXECUTIVE OFFICER
GERRY GLYNN et al,
a.k.a. Civil Officer
901 NORTH LAKE DESTINY ROAD SUITE #400
MAITLAND, FLORIDA 32751
SEMINOLE COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 11:
Child Protective Services Social Worker
Seminole County Sherriff Office
KOREY WALDROP et al,
100 ESLINGER WAY.
SANFORD, FLORIDA 32773
(407)-665-6650.
SEMINOLE COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 12:
Child Protective Services Social Worker
Seminole County Sherriff Office
REBECCA LAGUARDIA et al,
100 ESLINGER WAY.

SANFORD, FLORIDA 32773
(407)-665-6650.
SEMINOLE COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 14:
OFFICE OF THE WARDEN et al,
WARDEN LAKE COUNTY JAIL et al,
OFFICE OF THE SHERIFF et al,
SHERIFF PEYTON C. GRINNELL et al,
a.k.a. Civil Officer, a.k.a. Law Enforcement, a.k.a. sheriff et al,
551 WEST MAIN STREET
TAVARES, FLORIDA 32778
(352) 742-4000
AND:
OFFICE OF THE SHERIFF et al,
SHERIFF PEYTON C. GRINNELL et al,
360 WEST RUBY STREET
TAVARES, FLORIDA 32778
(352) 343-9500
LAKE COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 15:
JUDGE CARY F. RADA et al,
a.k.a. Civil Officer, a.k.a. Judge
550 WEST MAIN STREET
TAVARES, FLORIDA 32778
(352) 253-4512
LAKE COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 16:
EX-OFFICIO CLERK OF CIRCUIT COURT
THE CIRCUIT COURT OF THE FIFTH
JUDICIAL CIRCUIT IN AND FOR LAKE
COUNTY et al,
GARY J. COONEY et al,
CIVIL OFFICERS OF THE UNITED STATES,
550 W. Main St.,
Tavares, FL 32778
(352) 742-4100
LAKE COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 17:

Office of the State Attorney
Assistant State Attorney
RACHEL JONES et al,
550 West Main St.
Tavares, FL 32778-7800
Office: 352-742-4236
LAKE COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 18:
OFFICE OF THE SHERIFF et al,
SHERIFF JOHN W. MINA et al,
2500 W. COLONIAL DR.
ORLANDO, FLORIDA 32804
(407) 254-7000
ORANGE COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 19:
JUDGE VINCENT S. CHIU et al,
a.k.a. Civil Officer, a.k.a. Judge
425 ORANGE ACENUE
ORLANDO, FLORIDA 32801
(407) 836-2000
ORANGE COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 20:
EX-OFFICIO CLERK OF CIRCUIT COURT
THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR ORANGE
COUNTY et al,
TIFFANY MOORE RUSSELL et al,
CIVIL OFFICERS OF THE UNITED STATES,
425 N. Orange Ave.
Orlando, FL 32801
(407) 836-2000
ORANGE COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 21:
Office of the State Attorney
Assistant State Attorney
CHRISTOPHER DAMIAN RYAN JR. et al,
415 N Orange Ave
Orlando, FL 32801-1526

Office: 407-836-1181
ORANGE COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 22:
TORRIE'S BAIL BONDS et al,
TORRIE SPATCHER et al,
750 SOUTH ORANGE BLOSSOM TRAIL, SUITE 7
ORLANDO, FLORIDA 32805
(407) 447-2274
ORANGE COUNTY
[X] OFFICIAL CAPACITY

DOE 23:
JUDGE CHRISTINA M. MARTYAK et al,
a.k.a. Civil Officer, a.k.a. Judge
18201 SW 12TH STREET
MAIMI, FL 33194
305-207-2001
UNKNOWN COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 24:
ALBERTO CORNAVACA et al,
Immigration and Customs Enforcement Civil Officer (ICE) et al
DEPORTATION OFFICER
13077 Veveras Drive
Jacksonville, FL 32258
UNKNOWN COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 25:
JUDGE DAWN NICHOLS et al,
a.k.a. Civil Officer, a.k.a. Judge
101 NORTH ALABAMA AVENUE
DELAND, FLORIDA 32724
Unknown Phone
VOLUSIA COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 26:
OFFICE OF THE SHERIFF et al,
SHERIFF SCOTTY RHODEN et al,
1 SHERIFF'S DRIVE.
MACCLENNY, FLORIDA 32063
(904)-259-2231.

BAKER COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 27:
OFFICE OF THE SHERIFF et al,
SHERIFF MICHEAL J. CHITWOOD et al,
123 W. INDIANA AVE.
DELAND, FLORIDA 32721
(386)-736-5961.
VOLUSIA COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 28:
EX-OFFICIO CLERK OF CIRCUIT COURT
THE CIRCUIT COURT OF THE SEVENTH
JUDICIAL CIRCUIT IN AND FOR
VOLUSIA COUNTY et al,
LAURA E. ROTH et al,
CIVIL OFFICER OF THE UNITED STATES,
101 NORTH ALABAMA AVENUE
DELAND, FLORIDA 32724
(386) 736-5915
VOLUSIA COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 29:
JOSHUA M. MOTT et al,
Law Offices of the Public Defender
101 N Alabama Ave B304
Deland, FLORIDA 32724-4316
Office: 386-822-5770
VOLUSIA COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 30:
NICHOLAS KRAMPERTH et al,
Office of the State Attorney
FORMER Assistant State Attorney
1105 E Concord St
Orlando, FLORIDA 32803-4620
Office: 407-930-8912
VOLUSIA COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 30:
NATALIE I. SINGH et al,

1808 FIRWOOD CT.
ORLANDO, FLORIDA 32818
[X] INDIVIDUAL CAPACITY

DOE 31:
CELINE CANNON et al,
Former General Magistrate Seminole County
18th Judicial Circuit et al,
a.k.a. General Magistrate, a.k.a. CIVIL OFFICER
2480 33rd STREET, SUITE B
Orlando, FLORIDA 32839-8703
Office: 888-484-5057
ORANGE COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

DOE 32:
CAMELOT COMMUNITY CARE et al.
CHILD WELFARE CASE MANAGER
MICHELE VELAZQUEZ et al,
a.k.a. Civil Officer
2921 S. Orlando Drive,
SANFORD, FLORIDA 32773
SEMINOLE COUNTY
[X] INDIVIDUAL CAPACITY [X] OFFICIAL CAPACITY

***** **END OF PAGE** *****

# Basis for Jurisdiction

Plaintiff's brings this Claim under Title 42 USCA 1986, A Monell Claim, ***Monell v. Department of Social Services***, 436 U.S. 658 (1978), and therefore may recover for the violation of constitutionally protected rights, for failure to properly train or due to a custom promulgated by the agency. This court has jurisdiction in accordance with Article III which authorizes authority; 'to all cases, in **law** and equity, arising **under this constitution**, the laws of the United States and **treaties made, or which shall be made, under their authority**; **between a state or the citizens thereof and foreign states, citizens, or subjects**. Article 3, § 2 U.S.Const.

Plaintiff is a Floridian and the Defendant's are a combination of U.S. Citizens and U.S. Civil Officers, which are foreign persons to the people (Title 28 USCA Section 1332). Plaintiff was injured due to multiple violations of constitutional restrictions enforced upon U.S. Citizens and U.S. Civil Officers (Title 28 USCA Section 1331).

Through the ineffective assistance of counsel Plaintiff was denied rights. Due to customs of referring all cases to administrative agencies, in violation of the U.S. Constitution which does not offer any such remedy in law. As will be detailed in Statements of Case, Plaintiff was denied 1st Amendment and 2nd Amendment and 4th Amendment and 5th Amendment and 6th Amendment and 7th Amendment and 8th Amendment and 9th Amendment and 11th Amendment and 14th Amendment; protections.

This Civil Action is brought under the authority of (jurisdiction of) the U.S. Constitution and the Fla. Constitution and the Laws of the United States (USCA) and the Treaties which have been made under the authority of the United States and therefore, the Uniform Commercial Code and all State Supreme Court and Federal Court and Federal Appellate Court and United States Supreme Court decisions and opinions (Art.4,Sec.1 U.S.Const.). Also included is the Federal Rules of Civil Procedure et al (FRCP). See Appendix 1 CITED POINTS AND AUTHORITIES.

This Action is also brought under the authority of The Judiciary Act of 1789, a properly ratified Act of Congress, which conferred governmental power of Law upon the Court, defining the powers and jurisdiction of the Court. See (Appendix 2). 'Orders' signed "in pais" a.k.a. "in vacay" a.k.a. Corum Non-Judice, are of a judge and not of a

Court. Per the Judiciary Act of 1789, there is no remedy at law for redress of this ongoing Due Process violation from a higher State Court. This case must therefore be ordained and established and convened under the common law (Art. 3, U.S.Const.).

The U.S. Constitution, and therefore the Florida Constitution, conferred power to the Appellate Court to review and reverse entries of a court, not of a judge (*Carper v. Fitzgerald 121 U.S. 87*). The U.S. District Courts (at the State and Federal Levels) have failed to handle and correct the mistake behind the administrative power, which was illegally and unlawfully and unconstitutionally usurped by the congress and judiciary (city and county and state and federal levels) see LOPER BRIGHT ENTERPRISES, et al., Petitioners v. Gina RAIMONDO, Secretary of Commerce, et al. Relentless, Inc., et al., Petitioners v. Department of Commerce, et al. 22-451, 22-1219. (28 June 2024).

Federal (and therefore state) judicial agencies (administrative courts) have no power to act unless authorized by congress. Because the congress has only legislative powers, it cannot delegate powers it does not have and therefore cannot delegate judicial power.

Therefore, in accordance with the U.S. Constitution Article (Art). III vesting of the judicial power is exclusive and mandatory, wherein it decrees in Section 1; "The judicial power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish. The judges, both of the supreme and inferior courts, shall hold their offices during good behavior, and shall, at stated times, receive for their services, a compensation, which shall not be diminished during their continuance in office."

By stating that the judicial powers shall be vested, Article III made clear that the location of that judicial power was mandatory. (Shall is also similarly defined in Black's Law Dictionary 2nd Edition) and this definition (shall) was decided as meaning mandatory in *Forrest v. Spizzirri, 62 F.4th 1201, 23 Cal. Daily Op. Serv. 2445, 2023 Daily Journal D.A.R. 2203 (2023). United States Court of Appeals, Ninth Circuit.*

Article III authorizes congress to locate judicial power only in inferior courts, not administrative agencies and most importantly, congress did not place the power to the judge or magistrate. Therefore, by setting up administrative tribunals (agencies), congress has unconstitutionally divested the courts of their judicial power. Apart

from the structural (State and U.S.) constitutional violations, administrative adjudication violates the U.S. Constitution Fifth (5th) Amendment and the Sixth (6th) Amendment and the Seventh (7th) Amendment.

Administrative agencies are not allowed to neglect and set aside the superior Federal Rules of Civil Procedure. Administrative agencies are not allowed to neglect and set aside the federally superior Federal Rules of Evidence (FRE), substituting their own rules and codes and statutes and the like, or making things up as they go (discretionary to the judge/ magistrate), all of the above is done without legal and lawful authority and is no longer authorized because *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc. No. 82-1005 (467 U.S. at 843) is overturned. LOPER supra.*

This cross contamination of powers weakens the constitutional protection of separation of powers when they are combined in a single agency. Plaintiff has been denied due process of law, has not been informed of the nature and cause of the proceedings (administrative hearing as opposed to a court of common law).

Then the administrative agency controls the "court" record on appeal. Even when a case reaches an Article III tribunal court for review, there has never been a jury and the facts; record amassed previously gets deferred to by the judge. The Seventh (7th) Amendment guarantees right to trial by jury in suits at common law and thereby applies to all civil actions other than in Admiralty and Equity, including actions brought to enforce statutory rights that are corresponding to common law causes of action. So agencies routinely violate the peoples Seventh (7th) Amendment protection by conducting enforcement proceedings without a jury. This is why Plaintiff respectfully demands a Trial by Jury.

For all these reasons, administrative adjudication is an abomination and a nullity and void of office and an Act of War against the U.S. Const.. ALJ's are not members of the judiciary as mandated under Article III. Any and all judges and magistrates and commissioners and the like are knowingly, with forethought and knowledge, in violation of the superior authority of the U.S. Constitution and must be impeached and sanctioned for crimes against the people in accordance with Article II Section 4.

The U.S. Constitution Article III extends the judicial power of the United States 'to all cases, in law and equity, arising under this constitution, the laws of the United States and treaties made, or

which shall be made, under their authority; and between a state or the citizens thereof and foreign states, citizens, or subjects. Defendants each have an oath of office, which in accordance with Title 8 Section 1481, makes them foreign to America and Plaintiff is a Floridian. In all the other cases before mentioned the Supreme Court shall have appellate jurisdiction, both as to law and fact, with such exceptions and under such regulations as the congress shall make. Article 3, § 2.

This case meets the herein listed standards under Title 42 USCA Sections 1983 and Section 1986 and should be heard and adjudicated and decided in the UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION for the Plaintiff having jurisdiction and standing.

******* END OF PAGE *******

# III Statement of Claim

Let it be known here and now; Plaintiff does not claim that each Defendant violated each of these constitutional protections, only that each of the Defendants did violate their oath of office and employment contract, by violating one or more of these State and United States constitutional protections, which did violate the Prerogative Rights and Unalienable Rights and Natural Rights of the Plaintiff, which did leave her an injured party, entitled to damages and relief.

A. Where did the events giving rise to your claims occur? The events which gave rise to my claims occurred in multiple counties in central Florida.
B. What date and approximate time did the events giving rise to your claims occur? The incidents began circa 4th September 2022.
C. What are the facts underlying your claims? What happened to you? Who did what? Was anyone else involved? Who else saw what happened?

Due to ineffective assistance of counsel, Plaintiff was cunningly coerced to take a plea deal on one of the charges against her, all other charges were dismissed for lack of jurisdiction, lack of due process and lack of warrant amongst other procedural issues. None of the previous criminal charges had 2 witnesses to the alleged events.

Civil Officers of the United States (Defendants) were negligent in their duties; 1) The government did not have a right to infringe upon Plaintiff's natural right to the care and protection of her children. 2) The warrants for search seizure and later for Plaintiff's arrest, were lacking constitutional mandates and were not timely. 3) The judges had a duty and an obligation to liberally construe the constitutional protections for Plaintiff's benefit. 4) The civil officers (LEO's) exceeded their authority when they also seized both Plaintiff and the minor children without constitutional authority (bonafide warrant). 5) Plaintiff claims that each of the defendants did with malice and forethought operate in an unknown secret jurisdiction known only to members of the law society (Law Enforcement Officers, Lawyers and Judges and the like) and by doing so, did conspire and deprive Plaintiff of rights under color of law and did violate multiple

constitutional protections, which did injure Plaintiff and minor children and did leave Plaintiff and the minor children entitled to compensatory and punitive damages. Each defendant was involved at different times in different stages of the conspiracy.

TORRIE'S BAIL BONDS (DOE 22) did enter my domicile (address on file) and without warrant of law and without due process of law deprive me of rights under color of law by seizing Plaintiff without a valid warrant and without an affidavit in support of said warrant. This forced bail is also a conspiracy in violation of Florida Constitution Article 1, SECTION 11. Imprisonment for debt.

In 2022, 16 civil rights groups filed a federal complaint against Homeland Security and ICE, alleging "abhorrent conditions," abuse, medical neglect and racial harassment. The ACLU also filed a lawsuit in December 2022 saying that ICE and Baker County have violated detainees' rights of free speech by denying them access to counsel, racism, unsanitary conditions. We are talking about the medical unit. The problem here too is a lot of that medical unit is being used to house people, or being used as a solitary confinement. The whistleblower, who once worked at Baker, documented what is called systemic neglect that included staff denying basic medical care, falsifying records and subjecting detained detainees to racial and sexual harassment and denial of assistance of counsel.

## Alleged U.S. Constitutional violations;

1st Amendment: Plaintiff was denied natural and constitutionally protected right to speak in court. Plaintiff was denied the natural and constitutionally protected right to speak and visit with the minor children. Plaintiff was denied redress of government.

4th Amendment: Plaintiff has never been allowed to inspect and verify a bonafide warrant for arrests and seizures, which was signed in wet ink by a judge and which was properly authenticated. Civil Officers seized Plaintiff before the warrant was issued, valid or not and denied Plaintiff access to the property. Plaintiff and the minor children were denied the natural and constitutionally protected rights of freedom, liberty and the pursuit of happiness without a valid warrant.

5th Amendment: In court Plaintiff's name was shared as if Plaintiff was convicted and guilty. The paid and the court appointed (forced) attorneys never disclosed Corpus Juris Secundum Volume 7 Attorney and Client Section Subsection 79. The accusations restricted Plaintiff's freedom and as well as that, alienated Plaintiff from friends and family. Plaintiff was seized and not brought to a judge or magistrate as demanded under the Federal Rules of Criminal Procedure V (5) in each of the court cases. By not disclosing the nature and cause of those proceedings and for other reasons listed herein, Plaintiff was denied due process of law in violation of Florida and U.S. Constitutions.

6th Amendment: Plaintiff was never informed of the "nature and cause of the accusation" before each court. Judges and prosecutors and police and clerks and the like, owed this duty and never informed Plaintiff that she was in administrative proceedings, again if you see someone in a black robe, in a "courtroom", you expect that they are a judge. Plaintiff was coerced into and through an Administrative process of Arbitration and Mediation, which has since been overruled in *LOPER supra.*

7th Amendment; Plaintiff never belonged in a statutory and/ or administrative and/ or mediation and/ or corum non-judici proceeding. Plaintiff should have been heard (Tried) in a court of common law and therefore the proceedings are and were unconstitutional. Plaintiff had both a paid and court appointed (forced) attorneys, which individually and collectively never informed Plaintiff of this distinction.

8th Amendment. Plaintiff was forced into cruel and unusual punishment, by being denied natural rights to the minor children. Plaintiff was and is still subjected to cruel and unusual punishment. Certainly, punish the criminal, but when charges were dismissed, the minor children should have been returned without incident. Any one of the judges and clerks and lawyers could have corrected this with the singing of an order, just as easily as the children were taken, they could be returned, but they have not been, which is another injury for violations of constitutionally protected rights.

Punishments which are incompatible with evolving standards of decency that mark progress of maturing society or which involve unnecessary or wanton infliction of pain are repugnant to Eighth

Amendment in accordance with *Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).*

9th Amendment; Plaintiff was denied the right to be free which is one of the most basic fundamental natural rights. Simple things like; to breathe fresh air and to eat when she was hungry and to shower when she felt like, were individually and collectively denied to Plaintiff. Plaintiff was repeatedly forced into doing what she was told but worst of all, was denied free will.

14th Amendment; Plaintiff was denied due process of law as detailed earlier under the 5th Amendment and was denied equal protection under the law as demanded herein. Because congress has only legislative powers, it cannot delegate powers it does not have and therefore cannot delegate judicial power. By the court not exercising its judicial authority, it denied me equal protection of the law.

Furthermore, included but not limited to;
Article 1: The City and County and State and United States Legislatures (Congress) should have never passed any laws in direct conflict and in violation of the Superior Authority of the United States Constitution. All City and County and State and U.S. Legislatures (persons) who proposed and drafted and voted for and supported non-judicial a.k.a. administrative a.k.a. commissioners, and the like, **posing as judges,** is waging war against the United States Constitution. The Defendants, collectively and individually should be impeached and sanctioned and prosecuted to the full extent of the law in accordance with the U.S. Constitution Article II Section 4 and under the Laws of the United States (USCA) and Under the Uniform Code of Military Justice (UCMJ).

Article 2 Section 4: Plaintiff prays that all Civil Officers of the United States involved who did violate their oath of office and/ or employment contract and/ or the Laws of the State of Florida (Florida Revised Statutes) or the Laws of the United States (USCA) be impeached and sanctioned and prosecuted to the full extent as authorized by law.

Article 3; Plaintiff was injured by the judges acting administratively. Plaintiff was injured when clerks and law enforcement and lawyers

and the like, conspired to hide the true jurisdiction and nature and cause of the proceedings.

Article 4 Section 1 Full faith and credit of to the public Acts, Records, and judicial Proceedings of every other State was denied to me. Judges ignored judicial precedents.

All Defendants acted in conspiracy together. No Clerk stopped the proceeding due to lack of proper warrant and for other violations herein. No Lawyer stopped prosecuting for lack of the warrant and for other violations listed herein.

## Alleged Florida Constitution violations;

**ARTICLE II Bill of Rights:**
**ARTICLE I DECLARATION OF RIGHTS:**

SECTION 1. Political power.— See 9th Amendment above.

SECTION 2. Basic rights.—See 14th Amendment above.

SECTION 4. Freedom of speech and press.— See 1st Amendment above.

SECTION 6. Right to work.—The right of persons to work shall not be denied or abridged on account of membership or non-membership in any labor union or labor organization. The right of employees, by and through a labor organization, to bargain collectively shall not be denied or abridged. Due to my felony arrests I have lost my company and thereby lost means of self support and freedom. Even after the charges have been dismissed the charges still show up on applications and public record searches which continues to injure me.

SECTION 9. Due process.— See 5th Amendment above.

SECTION 11. Imprisonment for debt.—No person shall be imprisoned for debt, except in cases of fraud. By the judges forcing and mandating bail, I was imprisoned for debt, which injured me.

SECTION 12. Searches and seizures.— See 4th Amendment above.

SECTION 14. Pretrial release and detention.—Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained. History.—Am. H.J.R. 43-H, 1982; adopted 1982. This claim was initiated by alleged altercations between family and therefore no members of the public had nor have the slightest scintinalia of risk of harm.

SECTION 16. Rights of accused and of victims.—
(a) In each of Plaintiff's criminal prosecutions Plaintiff was not informed of the **nature and cause** of the accusation, and never been furnished a complete and thorough copy of the charges (CERTIFIED), and denied the right to have compulsory process for witnesses, and denied to be heard in person, due to the forced counsel, and to have a speedy and public trial by impartial jury in the county where the crime was committed. There were multiple other violations, which Plaintiff endured in protest.

SECTION 17. Excessive punishments.— See 8th Amendment above.

SECTION 20. Treason.—Treason against the state shall consist only in levying war against it, adhering to its enemies, or giving them aid and comfort, and no person shall be convicted of treason except on the testimony of two witnesses to the same overt act or on confession in open court.

SECTION 21. Access to courts.—The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay. I was forced to pay a filing fee into this court, which should be repaid to me by Defendants when they lose.

ARTICLE II. GENERAL PROVISIONS:

SECTION 5. Public officers.—
Civil Officers acted in 2 political capacities, Administrators and Commissioners impersonated judges and magistrates. If you walk into a business meeting and see a man behind the desk in a suit, you expect he is an administrator or mediator, or something in that class of person. When the person overseeing the proceeding is wearing a black robe, you expect that they are a judge.

SECTION 6. Laws.—Each and all Defendants act as if Florida Laws are superior to federal laws (USCA), which they are not.

SECTION 17. Impeachment.— See Article 2 Section 4 above.

## III (Part 2) Summary of Statement of Claim:

Plaintiff's rights were violated due to multiple state and federal constitutional violations as listed above. The Defendants, without warrant or due process of law, in contempt of Federal Rules of Criminal Procedure Rule 5. Initial Appearance, unlawfully arrested the Plaintiff and acting contrary to law, did falsely imprison the Plaintiff, depriving her of her liberty with willful and wanton disregard for the rights and safety of Plaintiff and others (the minor children).

Later, members of the law society (lawyers and judges and administrators and mediators and magistrates and the like) conspired to prosecute and persecute Plaintiff by acting as if the actors were judges and lawyers in a court of law, which they were not. Either they are Civil Officers of the United States and bound by the constitutional restrictions, listed above, or they are impersonating Civil Officers of the United States in violation of 18 USCA § 912 - Officer or employee of the United States and 18 USCA § 913 - Impersonator making arrest or search. Either situation demands Defendants should be impeached and sanctioned and prosecuted to the full extent of the law.

The acts of the Defendant in deciding how to deal with the Plaintiff after his arrest, and failing to take Plaintiff to a Judge or Court to so decide, constitute false imprisonment by the Defendants (Law Enforcement Officers) (LEO's) under the law of the land.

Plaintiff was injured during a series of assaults and batteries upon his person, including but not limited to; false arrest and handcuffing and false imprisonment and the humiliation of being physically searched and forced fingerprinting and forced booking procedures and harassment.

The facts of this case lead to the conclusion of law that the Defendants (LEO's) did not have any lawful authority to arrest the Plaintiff and therefore, other Defendants did not have lawful authority to prosecute the Plaintiff. Therefore all became malicious prosecution with deliberate indifference to the rights and safety of Plaintiff and others (minor children).

The Defendants had no warrant for the arrest of the Plaintiff and no proper affidavit in support of the non-existent warrant. Therefore, the Clerks should have seen the paperwork was deficient and returned it to the prosecutor without filing. In each case of arrest, the judges and magistrates and administrators and mediators should have seen the case file was lacking a proper warrant and proper affidavit in support of warrant and immediately dismissed the case without prejudice and instructed the prosecutor(s) to either produce the warrant and affidavit in support of warrant or dismiss the case with prejudice.

The prosecutors should have returned each file to the LEO's and had them correct the error and either produce the warrant and affidavit in support of warrant, or the prosecutor should have dismissed the action immediately. They and each of them continued in conspiracy to deprive Plaintiff and others (ERS and AKS) of Prerogative Rights and Unalienable Rights and Natural Rights under color of law, without clean hands and without full disclosure and without fair business practices and all was done in bad faith.

At common law, and under the provisions of Due Process of Law, such an arrest without a warrant cannot be made. Prosecutors and Judges and Magistrates and Administrators and the like did not take due care and with forethought and deliberate indifference and fraud did continue to maliciously prosecute Plaintiff without authority of law. An agency is bound by its regulations. Failure to comply with regulations is a fatal flaw to administrative action. An action undertaken by an agency contrary to its regulations is illegal and of no effect. KELLY, Petitioner, vs. RAILROAD RETIREMENT BOARD, Respondent. 625 F.2d 486 (1980). Every corporation operating under

the authority of the United States (28 U.S. Code § 3002 – Definitions (15), (a) and (b) and (c)), is bound by their business license to "solemnly swear (or affirm) that I" (they) "will support and defend the Constitution of the United States against all enemies, foreign and domestic;...".

******* END OF PAGE *******

## IV INJURIES:

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

The non-treatment of Plaintiff's medical conditions as already stated. Plaintiff has as a result of the long term alienation from the children had severe depression. Plaintiff endures physical and mental and emotional injuries from being incarcerated and also from the lack of medical attention during her incarceration, for pervious medical and chronic on-going conditions that were diagnosed and treated many years before my incarceration, but which were ignored by each of the corrections officers at each of the detention facilities.

Plaintiff alleges due to the unlawful acts and multiple state and federal constitutional violations and multiple violations of Florida (Statutes) and or violations of multiple Federal Laws, by the Defendants and others involved, the Plaintiff is an injured and aggrieved party and is entitled to damages. The facts of the case are sufficient to proceed to the merits.

***** END OF PAGE *****

## V RELIEF:

Plaintiff wishes the courts to make Plaintiff "whole" again.

1. Plaintiff prays for the immediate return of the minor children (ERS and AKS).

2. That damages be paid in accordance with 18 USCA Section 3571 Fines, $250,000.00 (TWO HUNDRED AND FIFTY THOUSAND DOLLARS) United States Dollars (USD), per Defendant per constitutional violation and per violation of oath of office and in accordance with PACIFIC MUTUAL LIFE INSURANCE COMPANY, Petitioner, v. Cleopatra HASLIP et al.499 U.S. 1, 111 S.Ct. 1032, (1991) Plaintiff be paid 4 (FOUR) times Compensatory Damages and reserve her right to seek additional punitive damages should this controversy proceed to trial.

3. That those fines be paid in lawful tender and specifically be understood to convey Federal Reserve Notes.

4. Expunge Plaintiff's arrest record to make her whole as though none of the arrests ever happened (remove all which was created).

5. Return any and all bid bonds, payment bonds, performance bonds and Internal Revenue Service credits.

6. Cancel and revoke all liens against my property in Altamonte Springs, Florida. Address on file.

7. Return my bond from Torrie's Bail Bonds (DOE 22) in the amount of $50,000.00 (FIFTY THOUSAND DOLLARS) USD. Have Torrie (DOE 22) pay an additional $5,000.00 (FIVE THOUSAND DOLLARS) USD for damages to my property, which was done by her agents on behalf of DOE 22 without warrant and without authority of law.

8. Correct the private and public and Court records so it shows Civica Simpson as a Floridian.

9. Or; Plaintiff respectfully demands a Judicial Tribunal or a Trial by Jury overseen by a Judicial Civil Officer of the United States under the Common Law at the earliest possible time, and waive administrative proceedings and waive arbitration, based upon the papers and pleadings and record of the Court.

Honorably entered into the Court Record by:

Civica Simpson
520 Lynchfield Avenue
Altamonte Springs, Florida 32714
(407) 230-4412
suzyaaliyah@aol.com