UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CIVICA SIMPSON,**

    **Plaintiff,**

v.                                              Case No: 6:24-cv-1367-CEM-UAM

**CHIEF JUSTICE JESSICA RECKSIEDLER, EX-OFFICIO CLERK GRANT MALLOY, IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), and DOES I – D [500],**

    **Defendants.**

## ORDER

This cause comes before the Court on *pro se* Plaintiff's Application for Entry of Default (Doc. 59) and Request for Certificate of Default (Doc. 60), which the Court construes as Plaintiff's second motion for entry of clerk's default. In the motions, Plaintiff seeks an entry of default against Defendant Ex-Officio Clerk Grant Malloy ("Malloy") pursuant to Federal Rule of Civil Procedure 55(a), asserting that Malloy failed to answer or otherwise defend against her amended complaint. (Doc. 59 at pp. 1-2); (Doc. 60 at p. 1). While the deadline for responding has not yet expired, *see* Local Rule 3.01(c), the undersigned does not require a response to resolve the motions, as they are both due to be denied.

Federal Rule of Civil Procedure 55(a) provides "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *See* Fed. R. Civ. P. 55(a). "Specifically, the filing of a 12(b)(6) motion to dismiss for failure to state a

claim upon which relief may be granted has been held to be sufficient action to preclude entry of default." *Guimaraes v. Nat'l Opinion Rsch. Servs., Inc.*, No. 07-20592-CIV, 2007 WL 2066310, at *1 (S.D. Fla. July 17, 2007) (citations omitted); *see Abrams v. CIBA Specialty Chems. Corp.*, No. 08-0068WSB, 2008 WL 4183344, at *13-14 (S.D. Ala. Sept. 10, 2008) (denying plaintiffs' "near frivolous" motion for default, where "defendants ha[d] been responsive and demonstrated their willingness to defend the claims . . . against them" by filing a timely motion to dismiss or for more definite statement, and where "[p]laintiffs' ill-conceived, legally unsupported request for default identifie[d] no basis for overcoming [the Eleventh Circuit's] strong policy of deciding cases on their merits").

Plaintiff's filings are not well taken as her assertions are belied by the record in this case. After serving Malloy with the operative amended complaint on October 7, 2024 (Docs. 22 & 25), Malloy filed a Motion for Extension of Time to Respond to Plaintiff's Amended Complaint ("Motion for Extension of Time") on October 29, 2024 (Doc. 36). The Court granted Malloy's Motion for Extension of Time, allowing him to respond to the amended complaint on or before November 12, 2024. (Doc. 38). On November 12, 2024, Malloy filed a Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss") (Doc. 41), which is pending before the Court. Given that Malloy timely responded to the amended complaint (Doc. 16) by filing the Motion to Dismiss (Doc. 41), Malloy has not "failed to plead or otherwise defend," and therefore, entry of a default is unwarranted. *See* Fed. R. Civ. P. 55(a).

Accordingly, Plaintiff's Application for Entry of Default (Doc. 59) and Request for Certificate of Default (Doc. 60) are **DENIED**.

- 3 -

**DONE** and **ORDERED** in Ocala, Florida on March 24, 2025.

_____

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties