## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**CIVICA SIMPSON,**

      **Plaintiff,**

**v.**                           **Case No: 6:24-cv-1397-CEM-UAM**

**CHIEF JUSTICE JESSICA
RECKSIEDLER, EX-OFFICIO
CLERK GRANT MALLOY,
IMMIGRATION AND CUSTOMS
ENFORCEMENT (ICE), and DOES I –
D [500],**

      **Defendants.**

---

### ORDER

This cause, upon referral, comes before the Court on the Notice of Motion to Stay to Amend Complaint ("Motion to Amend") (Doc. 45), which the Court construes as a motion for leave to amend the complaint, filed by *pro se* Plaintiff Civica Simpson ("Plaintiff") and the Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss") (Doc. 41) filed by Defendant Ex-Officio Clerk Grant Malloy ("Defendant Malloy" or "Malloy"). Upon consideration, Plaintiff's Motion to Amend is due to be granted in part and denied in part, and the Court will allow Plaintiff to file a second amended complaint. Therefore, Defendant Malloy's Motion to Dismiss will be denied as moot.

## I.    BACKGROUND

On July 25, 2024, Plaintiff, who is proceeding *pro se*, filed a "Complaint for Violation of Civil Rights (Non-Prisoner Complaint)" (Doc. 1), utilizing the form provided on the Court's website. Simultaneously with the complaint, Plaintiff filed a motion to proceed in forma pauperis. (Doc. 2). Less than three weeks later, on August 12, 2024, Plaintiff filed an amended complaint. (Doc. 16). Both complaints named as defendants Chief Justice Jessica Recksiedler (a state court judge), Malloy (a county clerk of court), Immigration and Customs Enforcement ("ICE"), and Does 1 – D [500] (collectively, "Defendants"). (*See* Docs. 1 & 16). As best can be discerned from the amended complaint, which is the operative complaint, Plaintiff is suing Defendants under 42 U.S.C. § 1983 for alleged constitutional violations arising from a state court case involving the custody of her children[1] and her subsequent alleged wrongful deportation. (Doc. 16).[2]

---

[1] With the amended complaint, Plaintiff includes the following documents from the state court case involving the custody of her children: (1) an Order of Recusal entered on December 5, 2023 by Circuit Judge Melissa D. Souto of the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, who recused herself from the state court proceeding and ordered that the case be reassigned to Circuit Judge John Galluzzo of the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, Juvenile Division to preside over (Doc. 16-1 at pp. 13-14); (2) a Final Judgment on Petition for Involuntary Termination of Parental Rights/Permanent Commitment/Manifest Best Interest and Adjudication/Disposition entered on April 8, 2024 by Circuit Judge Galluzzo, terminating Plaintiff's parental rights as to her two children because, in part, she "abused the children while in her care, has criminal charges pending, and never availed herself of the services offered, despite efforts of the Department [of Children and Families] to provide services to her" (Doc. 16-1 at pp. 3-12); and (3) an Order entered on April 8, 2024 by Circuit Judge Galluzzo, denying Plaintiff's Motion to Quash and Motion to Dismiss for Lack of Jurisdiction (Doc. 16-1 at p. 19).

[2] In addition, with the amended complaint, Plaintiff includes the following documents from her criminal case and subsequent deportation: (1) a criminal Judgment entered against Plaintiff on April 17, 2023, after she entered a plea of nolo contendere and was adjudicated guilty of the crimes of "domestic battery by strangulation," Fla. Stat. § 784.041(2)(a), and "contributing to the dependency of a child," Fla. Stat. § 827.04(1)(a) (Doc. 16-1 at p. 15); (2) an Amended Nolle Prosequi filed by the State of Florida on February 21, 2024, entering a nolle prosequi against Plaintiff based on "insufficient evidence to prove one or more elements of the crime charged" (Doc. 16-1 at pp. 1-2); and (3) an Order entered on May 29, 2024 by Immigration Judge Christina Martyak of the United States Department

On October 1, 2024, before the Court ruled on Plaintiff's motion to proceed in forma pauperis, Plaintiff paid the $405 filing fee. (*See* Doc. 30). The clerk issued summonses, and Plaintiff filed a return of service only as to Defendant Malloy on October 20, 2024, showing that she served Defendant Malloy with a copy of the amended complaint on October 7, 2024 (Docs. 22 & 25). [3] After serving Defendant Malloy, Plaintiff filed a second amended complaint (Doc. 26) and a third amended complaint (Doc. 43), which the Court struck as noncompliant with Federal Rule of Civil Procedure 15(a). (Docs. 29 & 44). The Court advised Plaintiff that if she sought to amend the first amended complaint, she must seek leave of Court or the opposing party's written consent pursuant to Federal Rule of Civil Procedure 15(a)(2). (Docs. 29 & 44).

On November 12, 2024, Defendant Malloy moved to dismiss Plaintiff's amended complaint with prejudice, asserting that the operative complaint constitutes an impermissible shotgun pleading, it fails to state a plausible claim under 42 U.S.C. § 1983 for a violation of her due process rights, and Plaintiff's claims against Defendant Malloy are barred by the doctrine of Eleventh Amendment immunity. Defendant Malloy is the only named defendant to have appeared in this case to date.

Rather than filing a response in opposition to Defendant Malloy's Motion to Dismiss, Plaintiff filed the Motion to Amend on December 1, 2024. (Doc. 45). [4] Plaintiff seeks leave of

---

of Justice, Executive Office for Immigration Review, Miami Krome Immigration Court, determining that Plaintiff is removable from the United States based on her criminal charges and allowing her pre-conclusion voluntary departure under the Immigration and Nationality Act (INA) § 240B(a), in lieu of removal, without expense to the Government, on or before June 28, 2024 (Doc. 16-1 at pp. 16-18).

[3] Plaintiff has not filed a return of service for the other defendants.

[4] The Court notes that Plaintiff's Motion to Amend fails to comply with Local Rule 3.01(g), as the motion does not contain a Local Rule 3.01(g) certification. *See* M.D. Fla. Local Rule 3.01(g) (requiring that the movant, before filing a motion, confer with the opposing party in a good faith effort to resolve the motion and provide a certification at the end of the motion, certifying that the

the Court to file a second amended complaint, which is attached to the Motion to Amend
(Doc. 45-1), to cure alleged deficiencies identified by Defendant Malloy in the Motion to
Dismiss by clarifying the basis of her claims, specifically identifying the defendants named
"Does I – D [500]" ("Doe Defendants"), and adding allegations to establish *Monell*[5] liability
against certain Doe Defendants.[6]

Because the disposition of Plaintiff's Motion to Amend resolves the pending Motion
to Dismiss in this case, the Court will only discuss the Motion to Amend in this Order and
address whether Plaintiff has complied with Federal Rule of Civil Procedure 15(a)(2) and is
permitted leave from the Court to file a second amended complaint.

## II.    LEGAL STANDARDS

Under Rule 15(a), a party may amend its pleading once as a matter of course within
21 days of service of the pleading, or if a response was filed, within 21 days after service of a
responsive pleading. *See* Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend the
pleading with the opposing party's written consent or leave of court. *See* Fed. R. Civ. P.
15(a)(2). Pursuant to Rule 15(a)(2), "[t]he court should freely give leave when justice so
requires." *See id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that "this mandate is to be
heeded"). "[T]he grant or denial of an opportunity to amend is within the discretion of the
[d]istrict [c]ourt." *Foman*, 371 U.S. at 182. Although courts have broad discretion to grant or

---

movant has conferred with the opposing party). As such, the Court directs Plaintiff to review the
requirements set forth in Local Rule 3.01(g) and ensure that all future filings are in compliance.
Filings that do not comply with this Local Rule or any other Local Rule may result in the striking of
pleadings and/or the imposition of sanctions.
    [5]  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).
    [6]  Even though Plaintiff's proposed second amended complaint is entitled "Amended 42
USCA 1986 Claim for Violations of Constitutional Protections" (Doc. 45-1 at p. 1), it is unclear
from the Motion to Amend whether Plaintiff seeks to add an additional claim for relief under 42
U.S.C. § 1986 to the second amended complaint.

deny requests for leave to amend, there is generally a strong preference in the Eleventh Circuit for allowing amendments to a pleading. *See Plate v. Pinellas Cnty.*, No. 8:18-CV-2534-T-36CPT, 2020 WL 428948, at *3 (M.D. Fla. Jan. 28, 2020) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999)).

  If denying a request for leave to amend, the Court must find a justifiable reason for doing so. *See Foman*, 371 U.S. at 182. The Court may deny a motion for leave to amend on numerous grounds, including if "(1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) allowing [the] amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile." *See Alhallaq v. Radha Soami Trading, LLC*, 484 F. App'x 293, 298 (11th Cir. 2012) (citing *Burger King Corp.*, 169 F.3d at 1319.

  However, absent a showing of "undue delay, bad faith, dilatory motive, or undue prejudice, leave to amend is routinely granted." *See Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir. 1994) (citing *Foman*, 371 U.S. at 178); *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1998) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.") (citations omitted); *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (stating that "[a] district court's discretion to deny leave to amend a complaint is 'severely restricted' by Fed. R. Civ. P. 15, which stresses that courts should freely give leave to amend 'when justice so requires'") (quoting *Thomas*, 847 F.2d at 773); *see also Lacy v. BP P.L.C.*, 723 F. App'x 713, 717 (11th Cir. 2018) (determining that "it is usually an abuse of discretion for a district court to dismiss a *pro se* complaint without granting leave to amend"); *Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x 783, 786, 788 (11th Cir. 2015) (indicating that a *pro se* plaintiff must be

given at least one chance to amend the complaint before dismissal where a more carefully drafted complaint might state a claim, and the Court "err[s] on the side of generosity to the plaintiff" where the issue of futility is close).

Because Plaintiff is proceeding *pro se*, her pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Matthews, Wilson & Matthews, Inc. v. Cap. City Bank*, 614 F. App'x 969, 970 n.1 (11th Cir. 2015) (per curiam) ("But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action.") (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)). While the Court holds complaints in *pro se* actions to less stringent pleading standards, a *pro se* plaintiff remains subject to the same law and rules of the Court (including the Federal Rules of Civil Procedure and Local Rules for the Middle District of Florida) as a litigant represented by counsel. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

## III. DISCUSSION

### A. Plaintiff's Motion to Amend

In this case, Plaintiff amended her complaint once (Doc. 16) within 21 days of service of the pleading, and thus, she may only amend the first amended complaint again with the opposing party's written consent or leave from the Court under Rule 15(a)(2). *See* Fed. R. Civ. P. 15(a)(2). Because Plaintiff did not obtain (or attempt to obtain) written consent from Defendants to amend the first amended complaint, Plaintiff may amend the complaint again only with leave from the Court.

Pursuant to Rule 15(a)(2), Plaintiff seeks leave from the Court to file a second amended complaint in response to Defendant Malloy's Motion to Dismiss to clarify the basis of her claims, specifically identify the Doe Defendants she believes are responsible for the alleged wrongs, and add allegations to establish *Monell* liability against certain Doe Defendants. (Doc. 45). While Defendant Malloy filed a Motion to Dismiss addressing several pleading deficiencies in Plaintiff's amended complaint (*see* Doc. 41), no arguments were raised in opposition to Plaintiff's Motion to Amend,[7] asserting that the proposed second amended complaint is prejudicial, brought in bad faith or with undue delay, or futile.

Considering Plaintiff's *pro se* status, that this is her first request for leave to amend the complaint, and the liberal amendment standard set forth in Rule 15(a)(2), the Court does not find a substantial reason to justify the denial of Plaintiff's request to file a second amended complaint at this early juncture in the case. As such, the Court will allow Plaintiff to amend the first amended complaint.

However, the Court cannot allow Plaintiff to file the proposed second amended complaint (Doc. 45-1) in its current form because it fails to comply with Federal Rules of Civil Procedure 8 and 10, constituting an impermissible shotgun pleading. To comply with federal pleading standards, Rule 8 requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2); *see also Ashcroft*

---

[7] As noted above, Plaintiff's Motion to Amend does not comply with Local Rule 3.01(g), confirming that she conferred with the opposing party in a good faith effort to resolve the issues raised in the motion and advising the Court whether Defendants agreed to the relief requested. *See* M.D. Fla. Local Rule 3.01(g). The Court acknowledges *pro se* Plaintiff's non-compliance with the Local Rules in this instance and has considered this issue herein. Plaintiff is cautioned that she must comply with Local Rule 3.01(g) and all applicable Local Rules, Court Orders, and the Federal Rules of Civil Procedure. Failure to do so in the future may result in the striking of pleadings and/or imposition of sanctions.

*v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the pleading standard under Rule 8(a) does not require detailed factual allegations, but demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). The purpose of Rules 8(a)(2) and 10(b) is to allow the Court to determine "which facts support which claims." *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (citation omitted). Put another way, Rules 8 and 10 work together "to require the pleader to present h[er] claims discretely and succinctly, so that h[er] adversary can discern what [s]he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted," and then "at trial, the court can determine that evidence which is relevant and that which is not." *See Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

"A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading." *Luft v. Citigroup Global Markets Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015) (internal quotation marks omitted); *see Weiland*, 792 F.3d at 1320 (defining a "shotgun pleading" as a pleading that "violate[s] either Rule 8(a)(2) or Rule 10(b), or both"). There are four basic categories of shotgun pleadings: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "each cause of action or claim for relief" into a different count; and (4) a complaint that "assert[s] multiple claims

against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See Weiland*, 792 F.3d at 1321-23. Each of these types of pleadings fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See id.* at 1323.

With a shotgun pleading, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). "Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010) (noting that shotgun pleadings require the district court to sift through allegations to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources") (citation omitted). The Eleventh Circuit has explained that courts "have little tolerance for shotgun pleadings . . . [because] [t]hey waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations and internal quotation marks omitted); *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020) (indicating that the Eleventh Circuit has repeatedly and "explicitly condemned shotgun pleadings") (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008)).

In this instance, Plaintiff's proposed second amended complaint falls squarely within the Eleventh Circuit's prohibition on the second, third, and fourth types of shotgun pleadings.

- 9 -

First, the proposed second amended complaint is replete with conclusory and vague facts that are difficult to follow. Plaintiff's claims are extremely general and not supported by clear factual allegations. For example, the proposed amendment alleges that Plaintiff was "coerced to take a plea deal on one of the charges against her" and that defendants "seized" her minor children and were involved in a "conspiracy." (Doc. 45-1 at pp. 18-19). Plaintiff fails to explain how these allegations relate to specific claims. Moreover, the proposed amendment contains unnecessary pages of citations to legal sources and authorities that, at least in most instances, appear to have no logical connection to Plaintiff's claims. *See Chevy Chase Bank, F.S.B. v. Carrington*, No. 6:09-CV-2132-ORL31GJK, 2010 WL 745771, at *4 (M.D. Fla. Mar. 1, 2010) ("Huge swaths of the [complaint] are improper irrespective of their relevance, consisting of lengthy legal arguments, case citations, and quotations from treatises—material proper in legal memoranda, but almost never proper in a complaint."). All told, the proposed second amended complaint is a recitation of many vague and unconnected facts, along with lengthy pages of irrelevant legal sources and authorities, without clarity as to how they connect to the claims Plaintiff attempts to allege. Consequently, the Court is left to guess what the Plaintiff is claiming. *See Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010).

Next, Plaintiff fails to separate her causes of action or claims for relief into different counts. Rather, she includes headings entitled "Alleged U.S. Constitutional [V]iolations" and "Alleged Florida Constitution [V]iolations" within a "Statement of Claim" section that contains 30 paragraphs referencing all sorts of constitutional provisions in the United States Constitution and the Florida Constitution. (Doc. 45-1 at pp. 18-24). She does not state her claims in numbered paragraphs within the proposed amendment. If Plaintiff seeks to assert

multiple claims, she must assert each claim in a separate count with numbered paragraphs, and each count should be labeled with the title of the claim.

Finally, Plaintiff does not clearly state what claim or claims she alleges against each defendant, nor does she tie any specific facts to any specific defendant. Although Plaintiff specifically identifies and lists the Doe Defendants by name in the proposed second amended complaint (Doc. 45-1 at pp. 6-13), she states "Defendants" and "each defendant" on several occasions in her allegations, making it impossible for the Court to determine each defendant's role. *See Weiland*, 792 F.3d at 1323.

For instance, Plaintiff alleges that "Defendants[] were negligent in their duties" and "[e]ach defendant was involved at different times in different stages of the conspiracy . . . act[ing] in conspiracy together." (Doc. 45-1 at pp. 18-19, 22). On page 24, Plaintiff states that "[t]he acts of the Defendant in deciding how to deal with the Plaintiff after h[er] arrest, and failing to take Plaintiff to a Judge or Court to so decide, constitute false imprisonment by the Defendants." (Doc. 45-1 at p. 24). On page 25, Plaintiff asserts that "the Defendants . . . did not have any lawful authority to arrest the Plaintiff and therefore, other Defendants did not have lawful authority to prosecute the Plaintiff." (Doc. 45-1 at p. 25).

Plaintiff's kitchen-sink manner of pleading, in which she airs a general collection of grievances against the defendants collectively, impermissibly leaves the Court unable to discern how each defendant is legally responsible for each of the alleged wrongs and which claims are asserted against which defendant for which conduct. Because the proposed second amended complaint does not specify in any meaningful manner the acts or omissions of *each* defendant, it fails to provide the defendants with adequate notice of the claims raised against them and the grounds upon which they are based. *See Weiland*, 792 F.3d at 1323 (emphasis

added); *Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013) ("It is important that defendants be apprised of the conduct that forms the basis of the [alleged liability] against them.").

In short, the proposed second amended complaint falls far short of the requisite pleading requirements.[8] Significant revisions are required for the second amended complaint to comply with the Federal Rules of Civil Procedure. Specifically, Plaintiff should streamline her pleading, clarify the basis for her claims, separate out each cause of action or claim into separate counts with numbered paragraphs, and eliminate any unnecessary and irrelevant information. Lengthy citations to case law, statutes, and/or constitutional provisions should be kept at a minimum. The amended complaint should clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how each defendant is responsible for the alleged violations.[9]

In preparing the second amended complaint and any future filings, the Court recommends that Plaintiff visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled "For Litigants," there is a section entitled "Litigants without Lawyers." In this section, there are many resources available to *pro se* parties, including a handbook called "Guide for Proceeding Without a Lawyer." If Plaintiff does not have access to the internet,

---

[8] Although the Court has addressed and provided some examples of the most prominent defects, this is not intended to be an exhaustive list. The proposed second amended complaint may very well suffer from additional defects. Although proceeding *pro se*, it is Plaintiff's responsibility to ensure that her second amended complaint (or any amended complaint) complies with all applicable pleading requirements and procedural rules. *See Washington v. Dep't of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007).

[9] To the extent that Plaintiff's second amended complaint fails to comply with Federal Rules of Civil Procedure 8 and/or 10, those deficiencies may ultimately subject it to dismissal. *See Weiland*, 792 F.3d at 1323 (recognizing that a district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss with prejudice a complaint that is a shotgun pleading).

one free copy of the handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

### B.  Defendant Malloy's Motion to Dismiss

In light of the Court allowing Plaintiff leave to file a second amended complaint, Defendant Malloy's Motion to Dismiss will be rendered moot upon the filing of Plaintiff's second amended complaint. *See Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (noting that "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary") (citation and internal quotations omitted).

### IV.  CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff's Notice of Motion to Stay to Amend Complaint (Doc. 45), which the Court construes as a motion for leave to amend the complaint, is **GRANTED in part and DENIED in part**. On or before **April 21, 2025**, Plaintiff shall file a second amended complaint in accordance with the Federal Rules of Civil Procedure and consistent with this Order.

(2) Defendant Ex-Officio Clerk Grant Malloy's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 41) is **DENIED as moot**.

**DONE** and **ORDERED** in Ocala, Florida on March 31, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties